UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE: James C. Davidson, III                                              CASE # 11-10653

CHAPTER 13 PLAN [MOTION FOR FRBP RULE 3012 VALUATION HEARING]

☒ Original plan
☐ Amended plan -- Date amended: _____

The debtor's future earnings are submitted to the supervision and control of the trustee, and the debtor shall pay to the trustee all disposable income in the amount of $585.00 for months 1-60.

From the debtor's payments to the trustee, the trustee shall distribute funds as provided in this plan:

(1) **Trustee Claims**

The trustee shall be paid $ 3,510.00 as an administrative expense entitled to priority under 11 U.S.C. § 507(a)(1) (ten percent (10%) of payments under the plan).

(2) **Priority Claims**

A. ATTORNEY FEES

| Attorney's Name | Total Fees | Fees paid directly by by the Debtor | Fees to be paid in plan | Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| Derren S. Johnson | $2,600.00 | $2,600.00 | $0.00 | N/A | N/A |

B. PRIORITY TAX CLAIMS

The following claims entitled to priority under 11 U.S.C. § 507 shall be paid in full* in deferred cash payments unless the holder of a particular claim has agreed to a different treatment of such claim, as indicated below:

| Name of Creditor | Value of Claim | Annual* Interest Rate (if applicable) | Term (Months) | Monthly Installment |
|---|---|---|---|---|
| IRS | $2,000.00 | -0- | 1-24 | $ 83.33 |
| LDRT | $2,900.00 | -0- | 1-24 | $120.83 |

1

C. DOMESTIC SUPPORT OBLIGATIONS ("DSO")

1. <u>Ongoing DSO claims.</u>

    a. ☒ None. If none, skip to subparagraph (3) "Secured Claims" below.

    b. The name(s), address(es) and phone number(s), including area code, of the holder of any DSO as defined in 11 U.S.C. §101(14A). Names of minor children must not be disclosed. Identify only as "Minor child #1," "Minor child #2," etc. See 11 U.S.C. §112.

| **Name of DSO claim holder** | **Address, city & state** | **Zip code** | **Telephone number** |
|---|---|---|---|
| None | | | |

    c. Debtor(s) shall pay all **post-petition DSO** claims **directly to the holder(s)** of the claim(s), and not through the chapter 13 trustee.

2. <u>Pre-Petition Child Support Arrearages</u>

    a. ☒ None. If none, skip to subparagraph (3) "Secured Claims" below.

    b. The name, address and phone number (with area code) of the holder of every DSO arrearage claim, amount of arrearage claim and monthly payment. Names of minor children must not be disclosed. Identify only as "Minor child #1," "Minor child #2," etc. See 11 U.S.C. §112.

| **Name, address, phone # of DSO claim holder** | **Arrearage Claim** | **Term** | **Monthly Installments** |
|---|---|---|---|
| None | | | |

    c. The trustee shall pay DSO arrearages from the debtor's plan payments.

3. <u>DSO assigned or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B):</u>

    a. ☒ None. If none, skip to subparagraph (3) "Secured Claims" below.

    b. The debtor shall make all post-petition payments on DSO claims assigned to a governmental unit directly to the assignee of the claim, and not through the trustee.

    c. The name, address and phone number (with area code) of the holder of every assigned DSO arrearage claim, amount of arrearage claim and

monthly payment amount or other special provisions. The debtor must also describe in detail any special provisions for payments of these claims in section 11 of this plan.

| **Name, address, phone # of DSO claim holder** | **Arrearage Claim** | **Monthly Payment Amount** |
|---|---|---|
| None | | |

(3) **Secured Claims**

   A. <u>Principal Residence</u>.

   (i) <u>Current Payments.</u> Except as otherwise provided in this plan or by court order, and pursuant to 11 U.S.C. § 1322(b)(2), after the date of the petition and throughout this chapter 13 case, the debtor shall timely make all usual and regular payments required by the debt instruments secured by non-voidable liens on real property (i.e., immovable property) that is the debtor's principal residence, directly to each of the following lien creditors:

| Lien holder | Security Interest | Description of Property/Collateral | Monthly Installment * |
|---|---|---|---|
| *US Bank Home Mtg.* | *1st Mtg.* | *House & Lot located at 214 East Dr., Baton Rouge, LA  70806* | *$986.00* |
| *Resume June, 2011* | | | |
| *HSBC Mtg. Svcs.* | *2nd Mtg.* | *Same as above* | *$264.00* |
| *Resume June, 2011* | | | |

   * Monthly Installment subject to fluctuations in escrow and interest rate changes

   (ii) <u>Cure of Arrearages</u>. From funds available for distribution, the trustee shall pay arrearages to lien holders identified in plan section 3(A) in monthly installments as set forth in this plan until the allowed arrearage claim of each lien holder has been satisfied.

| Lien holder | Total Amount of Arrearages* | Annual Interest Rate** | Terms (Months) | Monthly Installment |
|---|---|---|---|---|
| US Bank Home Mtg. | $15,000.00 | -0- | 1-12 | $210.67 |
| | | | 13-24 | $252.34 |
| | | | 25-60 | $262.33 |
| HSBC Mtg. Svcs. | $4,200.00 | -0- | 1-60 | $ 70.00 |

*[If applicable: "Total includes attorney's fees, costs, late charges of $ _____ and interest rate of

3

____%" or "Total includes pre-petition principal and interest or principal only."]

**"Confirmation of this plan shall constitute the cure of any default to a lien holder on the principal residence under any security agreement notwithstanding that the time for reinstatement has expired under the terms of the security agreement."

> B. <u>Surrender of Property</u>. Upon confirmation of this plan, the debtor shall surrender to the following holders of secured claims, in full satisfaction of their secured claims, all of the debtor's rights under the Bankruptcy Code, applicable non-bankruptcy law, or this plan to maintain an interest in the property securing their claims:

| <u>Lien holder</u> | <u>Amount of Secured Claim</u> | <u>Description of Collateral</u> |
|---|---|---|
| None | | |

The debtor's right under the Bankruptcy Code, applicable non-bankruptcy law or this plan to assert an interest in the collateral is deemed surrendered upon the entry of the order confirming this plan. Confirmation of this plan will operate to lift the § 362 stay, with consent of the debtor, also to allow enforcement of the security interests held by the above claimants, under applicable non-bankruptcy law.

> C. <u>Pre-Confirmation Adequate Protection.</u> Pursuant to the order of the Court, all adequate protection payments to secured creditors required by §1326(a)(1) may be made through the Chapter 13 trustee, unless otherwise ordered, in the amount provided in the plan for that creditor. Such payments, if made by the trustee, shall be subject to the trustee's percentage fee as set by the designee of the United States Attorney General and shall be made in the ordinary course of the trustee's business, from funds on hand as funds are available for distribution to creditors who have a filed claim.

| **Creditor name, address, last four digits of account number** | **Security** | **Amount of Claim** | **Term (Months)** | **Monthly Installment** |
|---|---|---|---|---|
| None | | | | |

> D. <u>Secured Claims Not Determined under 11 U.S.C. §506</u>

This subsection provides for treatment of allowed claims secured by a purchase money security interest in a vehicle acquired for the debtor's personal use, incurred within 910 days before the date of the petition, or incurred within one year before the date of the petition, if the collateral for the claim is any other thing of value. *See* 11 U.S.C. §1325(a)(9).

After confirmation, the trustee will make installment payments to the holder of each listed allowed secured claim after subtracting the pre-confirmation adequate protection payments from the amount of the claim.

| Name of Creditor | Description of Property | Claim Amount | Interest Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| None | | | | | |

E. Secured Claims Determined under 11 U.S.C. §506

Any secured claims not treated in plan sections 3(A), (B), (C), (D), (E) or (G) shall be determined under 11 U.S.C. § 506, Federal Rule of Bankruptcy Procedure 3007 and 3012 and Local Rule 3012-1. The trustee shall make payments to the claim holder not less than the allowed amount of the secured claim as of the effective date of the plan. Each holder of a secured claim shall retain the lien securing the claim until the claim is paid in full. The holders of the secured claims, the debtor's proposed value and treatment of the claims are set forth below:

| Name of Creditor | Description of Property | Value of Claim | Interest Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| None | | | | | |

Creditors contesting the proposed value of a secured claim must file an objection by the time prescribed by applicable local rules. The Court will take evidence to determine the value of the secured claim at the hearing on confirmation, pursuant to Federal Rule of Bankruptcy Procedure 3012.

F. Other Direct Payments to Creditors Holding Secured Claims

After the date of the petition and throughout this chapter 13 case, the debtor shall

5

timely make all usual and regular payments required by the debt instruments secured by non-voidable liens <u>directly</u> to each of the following lien creditors:

| Creditor | Security Interest* | Description of Property/Collateral* | Monthly Installment |
|---|---|---|---|
| None | | | |

(4) **Unsecured Claims**

(A) Class A comprises creditors holding allowed unsecured claims, except those allowed unsecured claims treated in plan section 4(B). The claims of those creditors shall be paid *pro rata* over the period of the plan as follows:

| Aggregate Amount of Unsecured Claims (as scheduled)* | Interest Rate** | Term (Months) | Monthly Installment |
|---|---|---|---|
| $31,974.23 | 3.25 % | 25-60 | $194.17 |

**Informational purposes only; to be included in Class A the claims must be allowed.**
**[If applicable; e.g., in cases requiring 100% repayment due to liquidation value of the estate].

(B) [If applicable] Class B comprises creditors holding allowed unsecured claims for which a co-debtor is liable. To maintain the stay of actions against the co-debtor pursuant to 11 U.S.C. § 1301, the trustee shall pay these creditors one hundred percent (100%) of their allowed claims plus interest on the following terms:

| Name of Creditor | Claim and Monthly Installment* | Interest Rate** | Term (Months)*** | Monthly Installment Under Plan |
|---|---|---|---|---|
| None | | | | |

*The balance and installment under the applicable debt instrument.
**As provided in the debt instrument.
***Remaining term provided in the debt instrument.

(5) **Liquidation Value**

The liquidation value of the estate is $<u>10,884.51, but due to tax liability is $5,984.51</u>.

6

(6) **Present Value of Payments to Class A Unsecured Creditors**

The present value of the payments to be made to unsecured creditors under the plan using a 3.25% annual discount rate is $ 2,730.63.

(7) **Executory Contracts and Unexpired Leases**

None.

(8) **Attorney's Fees for Debtor's Counsel**

The debtor's attorney has been paid or promised $2,600.00 in fees plus $274.00 to reimburse court costs by the debtor for professional services and expenses incurred in this Chapter 13 case. Approval of attorney fees and expenses will be subject to the debtor's attorney filing the Attorney Disclosure Statement in the case and will be sought in conjunction with confirmation of the plan. The debtor will seek approval of counsel's fees and expenses in conjunction with confirmation of this plan. Confirmation of the plan shall constitute approval of the fees and expenses, unless the Court disallows or reduces them.

(9) **Vesting of Property**

Upon confirmation of this plan, all property of the debtor's estate shall vest in the debtor.

(10) **Other Matters**

(A) All holders and/or services of claims secured by liens on real property recognize that this Plan provides for the curing of default on its claim and maintenance of payments while the case is pending, and shall accept and apply all payments in accordance with the terms of the loan documents, the bankruptcy code and the terms of this Plan, whether such payments are immediately applied to the loan or placed into some type of suspense account. Upon completion of the Plan in full, the pre-petition arrearage shall be deemed contractually cured. Holders and/or servicers of such secured claims shall notify the trustee, the debtor, and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; and shall notify the trustee, the debtor and attorney for debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. §524(i).

(B) Future Consent Attorney Fees

| Attorney's | Fees paid directly by | Fees to be paid | Term | Monthly |

| Name | Total Fees | by the Debtor | in plan | (Months) | Installment |
|------|-----------|---------------|---------|----------|-------------|
| Derren S. Johnson | $500.00 | $0.00 | $500.00 | 1-12 | $ 41.67 |

(*if court ordered*)

*\*Escrowed funds are to be paid to general unsecured creditors in the event of their non-use for purposes of closing out the case or in the event of conversion.*

## CERTIFICATION OF COUNSEL

      I hereby certify that I have explained the terms and conditions of, and obligations under, the foregoing plan to the debtor(s). I also certify that this plan does not differ from the plan prescribed by Local Rule 3015-1(b) and Standing Order 2010-1, except as noted in the "Other Matters" section of the form plan, paragraph (10).

      Baton Rouge, Louisiana, this 12 May 2011.


/s/ Derren S. Johnson_____
Counsel for Debtor(s)


Plan Dated: May 12, 2011       /s/ James C. Davidson, III _
       Debtor